IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AFLAWED GOODSOUL, DOCTRINAIRE,

Plaintiff,

v.

ICANN,

Defendant.

OPINION and ORDER

19-cv-828-jdp

---

AFLAWED GOODSOUL, DOCTRINAIRE,

Plaintiff,

v.

THE STATE OF WISCONSIN,

Defendant.

OPINION and ORDER

19-cv-844-jdp

---

A party going by the name "AFlawed GoodSoul, DoctrinAire" has filed two pleadings in different cases. In No. 19-cv-828-jdp, the pleading is called "Non-conclusory complaint before world conditions upon us." In No. 19-cv-844-jdp, the pleading is called "Foreign & interim process of pleading for reorganization." Because plaintiff is proceeding under 28 U.S.C. § 1915, I must screen the pleadings to determine whether plaintiff has stated a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

In No. 19-cv-828-jdp, plaintiff alleges that ICANN, or the Internet Corporation for Assigned Names and Numbers, "is negligent by measured assumption in the same actus reus." As relief, plaintiff requests "one 17 year event" and "a structural injunction to rebuild such architecture." Plaintiff's allegations in No. 19-cv-844-jdp are even more difficult to follow. Plaintiff refers to himself as a "creditor" in the caption and the state as a "debtor." He says that

both Wisconsin and Oregon owe a "financial duty" to him. The rest of the document is

incomprehensible. For example, in one sentence he writes:

> This, as a recently registered member of IPP with the treasury department, as well as thee bearor of a Constitutional issue with Wisconsin's Constitution tendered to the Wisconsin Supreme Court as a then thought legal pursuit of land in Portage, WI—a purposely disorganized Columbia County city and organizational concern of STATE GOVERNMENTS—I could not purchase, redeem my mental health history, ore receive access to those books under no criminal act then, but maybe a trespass on the same property never fined for, tendering THE SAME NOTICE AND DEMANDS ON DE-NOUNED PERSONHOOD the same and received no response of an independent nature on what was an act of need for the mid-mid-later as well as winter survival, WHICH WAS A DEBT CALLED IN, AND A "CLARIFICATION OF MAY," tendered three times, WITH PHONE NAME, AND WRITTEN DEMANDS FOR THE FINANCIAL ISSUES, thee property and my condition.

The bottom line is that plaintiff hasn't identified any conduct by either defendant that

violated his rights. "[W]here the lack of organization and basic coherence renders a complaint

too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is

an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 799 (7th Cir. 2011). That is the

situation in this case. And because I see no way that plaintiff could fix the deficiencies in his

complaints, I will dismiss both complaints with prejudice.

ORDER

IT IS ORDERED that these cases are DISMISSED with prejudice for plaintiff's failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment and close both cases.

Entered November 12, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge